IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Israel Mendoza, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  14 C 2213 |
| | ) | |
| Asset Acceptance, LLC, a Delaware | ) | |
| limited liability company, and Fulton, | ) | |
| Friedman & Gullace, LLP, a New York | ) | |
| limited liability partnership, | ) | |
| | ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Israel Mendoza, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) many of the acts and transactions occurred here; and, b) Defendants reside and transact business here.

## PARTIES

3. Plaintiff, Israel Mendoza ("Mendoza"), is a resident of the State of New York, from whom Defendants attempted to collect a delinquent consumer debt that he allegedly owed for a Dell Financial Services account, despite the fact that he had

exercised his rights under the FDCPA to limit direct communications and be represented by the legal aid attorneys at the Chicago Legal Clinics' Legal Advocates for Consumers in Debt program ("LACD"), located in Chicago, Illinois.

4. Defendant, Asset Acceptance, LLC ("Asset"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Asset operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Asset was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant, Fulton, Friedman & Gullace ("Fulton"), is a New York limited liability partnership, and law firm, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois. From its offices in Illinois and 13 other states, Fulton operates a nationwide collection firm. In fact, Fulton was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

6. Defendant Asset is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies, such as Defendant Fulton.

7. Defendants Asset and Fulton are each authorized to conduct business in the State of Illinois and maintain registered agents within the State of Illinois, <u>see</u>,

records from the Illinois Secretary of State, attached as Group Exhibit A. In fact, both Defendants conduct extensive and substantial business in Illinois.

8.     Moreover, Defendant Asset is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, Asset acts as a collection agency in Illinois.

## FACTUAL ALLEGATIONS

9.     Due to a reduction in his work, Mr. Mendoza fell behind on paying his bills, including a debt he allegedly owed for a Dell Financial Services account. At some point in time after that debt became delinquent, Defendant Asset bought/obtained that debt and hired Defendant Fulton to collect this debt from Mr. Mendoza. This caused Mr. Mendoza to seek the assistance of the legal aid attorneys at the Chicago Legal Clinic's LACD program, regarding his financial difficulties and Defendants' collection actions.

10.     Accordingly, via a letter, dated June 24, 2013, one of Mr. Mendoza's attorneys at LACD informed Defendants, in writing, that Mr. Mendoza was represented by counsel, and directed Fulton to cease contacting him, and to direct all further collection activities to his attorneys at LACD, because Mr. Mendoza was forced, by his financial circumstances, to try and negotiate a payment plan as to his unsecured debt. Copies of this letter and the fax confirmations are attached as Exhibit C.

11.     Thereafter, during July, August, September, October, November and December, 2013, and January and February 2014, from their offices in Chicago, Illinois, Mr. Mendoza's attorneys at LACD sent Defendants regular monthly payments, which payments were accepted by Defendants.

12. Nonetheless, Defendants communicated directly with Mr. Mendoza, via letters dated December 13, 2013 and February 13, 2014, regarding payment of the alleged Dell Financial Services debt. Copies of these collection letters are attached as Group Exhibit D.

13. Defendants' collection actions complained of herein (Group Exhibit D) occurred within one year of the date of this Complaint.

14. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications

15. Plaintiff adopts and realleges ¶¶ 1-14.

16. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer and continuing to demand payment after a direction to cease communications. See, 15 U.S.C. § 1692c(c).

17. Here, the letter from Mr. Mendoza's attorney/agent, LACD, told Defendants to cease communications with Mr. Mendoza (Exhibit C). By continuing to communicate via letters regarding the debt and demanding payment from Mr. Mendoza (Group Exhibit D), Defendants violated § 1692c(c) of the FDCPA.

18. Defendants' violations of § 1692c(c) of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692c(a)(2) Of The FDCPA --**
**Communicating With A Consumer Represented By Counsel**

19. Plaintiff adopts and realleges ¶¶ 1-14.

20. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

21. Defendants knew that Mr. Mendoza was represented by counsel in connection with his debts because his attorneys at LACD had informed Defendants, in writing (Exhibit C), that he was represented by counsel, and had directed Defendants to cease directly communicating with him. By directly sending Mr. Mendoza collection letters (Group Exhibit D), despite being advised that he was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

22. Defendants' violations of § 1692c(a)(2) of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C.§1692k.

**PRAYER FOR RELIEF**

Plaintiff, Israel Mendoza, prays that this Court:

1. Find that Defendants' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Mr. Mendoza and against Defendants Asset and Fulton, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by§1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

**JURY DEMAND**

Plaintiff, Israel Mendoza, demands trial by jury.

                                                  Israel Mendoza,

                                                  By: /s/ David J. Philipps
                                                  One of Plaintiff's Attorneys

Dated: March 28, 2014

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com